Opinion of the Court, by
Ch. J. Boyle.
THIS was an action of ejectment, on the trial of which, in the circuit court, the lessors of the plaintiff, in support of their title, read in evidence a patent from the commonwealth to James Hickman, deceased, and *267 proved that they were the heirs of Hickman, and that the defendant resided within the bounds of the land granted by said patent. It, moreover, appeared by the testimony of a witness introduced on the part of the lessors of the plaintiff, that, many years ago, James Hickman had put his son-in-law, Joseph Hill, in possession of a tenement within the bounds of the patent, but without allotting to him any definite part, or making any special agreement with him; that Hill afterwards put the defendant, who had intermarried with his daughter, into possession of a part of the same tenement, which he continued to occupy and cultivate, with the knowledge of Hickman, and without any objection being made by him, during his life ; and that he had still continued to occupy and cultivate it, without at any time paying or stipulating to pay rent therefor; nor was there any objection made on the part of the lessors of the plaintiff, until about a year before the commencement of this action, when the witness, at their request, gave him a parol notice to leave the possession, which he refused to do: That Hickman died about four, and Hill about ten years before the trial, and that Hill’s daughter had been divorced from the defendant, and he had married another woman.
Such notice is not required, unless the relation of lessor and lessee is subsisting between the person who is to give, and the person who is to receive it, and the lease is to expire on an uncertain event, or at an indefinite time.
It seems, that were such notice is required, a notice to leave the possession immediately, or without stating any definite time, is insufficient, and that it ought to be given six months before the end of the year, to quit at the end of the year.
On application to introduce a witness after the testimony is closed & the argument commenced, it is necessary, not only to show a sufficient excuse for not having introduced him before, but to show that his testimony would probably produce a verdict different from what it would otherwise be.
*267 On this state of proof, the counsel for the defendant contended that he was the tenant of the lessors of the plaintiff, and entitled to notice to quit, and that the notice, as proved, was not sufficient; and he therefore moved the court to instruct the jury to find as in case of a nonsuit; but the court refused to give the instructions, and the defendant excepted.
After the counsel for the lessors of the plaintiff had delivered his speech in opening the argument, the defendant offered to examine a witness, and as an excuse for not having done it sooner, presented an affidavit, stating that the evening before, he had been in haste to leave town, because of his very bad health, and that he had not, in the morning, been able to ride earlier, without prejudice to his health; that he was able to prove that he had settled upon the land in contest, about eighteen years ago, with the approbation of James Hickman, deceased, and had continued there with the approbation and assent of Eleanor Hill, one of the lessors of the plaintiff, and bad, at the request of Hickman in his lifetime, contributed his money in de *268 fence of a suit brought by an adverse claimant, in consideration of his interest in the land. But the court refused to permit the witness to be examined, and the defendant again excepted. A verdict and judgment were then rendered for the lessors of the plaintiff, and the defendant appealed to this court.
The errors assigned question the correctness of the decision of the circuit court, upon the points stated in the bill of exceptions. Both these, we are of opinion, were correctly decided. If, indeed, notice to the defendant to quit, had been necessary in this case, we would have had some hesitation in pronouncing the notice as proved, to be sufficient. We would have doubted of its sufficiency, not because it was not in writing; for a parol notice, we apprehend, if otherwise unexceptionable, would be good; but the doubt would have arisen from the notice not having specified any time when the defendant was to quit. Regularly, where a notice is required, it should be to quit at the expiration of the year of the tenancy, and should be given a half year before the tenant is required to quit. But the notice, as proved in this case, specifies no time, and seems to require the defendant to quit the possession immediately, rather than at a future time. We think, however, that the case was not of a character to require notice. A notice to quit, is only necessary where the relation of landlord and tenant, or in other words, of lessor and lessee, and those claiming under them, subsists, and the lease is to expire on an uncertain event, or at an indefinite time. But, in this case, although the defendant may be said to be the tenant of the lessors of the plaintiff, because he holds under them, and although it is true his tenancy was to expire at no certain time; yet it is evident that the relation of landlord and tenant cannot, with any propriety, be said to subsist between them. The lessors of the plaintiff, no doubt, stand in the same relation to the defendant as their ancestor did; but, from the connexion between him and Hill, and between the latter and the defendant, as well as from the manner in which the possession was acquired, it is much more presumable, that the parties expected and intended that they should respectively stand in the relation of donor and donee, than in that of landlord and tenant. Notice to quit, therefore, not being necessary, the circuit court was correct *269 in refusing to instruct the jury to find as in case of a non-suit.
With respect to the refusal of the court to permit the examination of the witness, it is sufficient to remark, that the court could not have done otherwise, without departing from the ordinary course of business and the established rules of practice; and to have required this to be done, the defendant should not only have shown a sufficient excuse for not having introduced the witness at the proper time, but should have rendered it probable, from the nature of the facts to be proved, that the testimony of the witness would have conduced to change the result of the trial; for it would be absurd, to require the court, at the expence of the rules established for the attainment of justice, to do that which would be vain and useless. But, admitting the sufficiency of the excuse offered by the defendant, for not introducing the witness at the proper time, it is plain that the facts he proposed to prove, could have conduced in no degree to alter the verdict of the jury. The facts, if proved, would neither have tended to show that the defendant had title, or that the lessors had not; nor would they have changed the nature of the relation between the parties.
Judgment affirmed with costs.