JUDGE PRYOR
delivered the opinion or the court.
A tenancy by sufferance is where a person, who has originally come into possession by a lawful title, holds such possession after his title has determined. (Williams on Eeal Prop., p. 351.) The appellees in this case had leased the premises for one year at a stipulated price, and after the expiration of the term held over for seven days.
The appellant, regarding this holding over as creating a like tenancy for another year, obtained an attachment that was levied upon the goods of the appellees, to recover the year’s rent that was to become due. The appellees left the premises, and the question is, did this holding over make them tenants of the appellant for another term of one year? This must be determined by the provisions of the General Statutes, regulating the relation between landlord and tenant.
Sec. 1, art. 4, chap. 66, General Statutes, title Landlord and Tenant, provides: “If by contract a term or tenancy for a year or more is to expire on a certain day, the tenant shall *235 abandon the premises on that day, unless by express contract he secures the right to remain longer. If, without such contract, the tenant shall hold over, he shall not thereby acquire any right to hold or remain on the premises for ninety days after said day; and the possession may be recovered without demand or notice, if proceedings are instituted within that time. But if proceedings are not instituted within said time, then none shall be allowed until the expiration of one year from the day the term or tenancy expired; and, at the end of said year, the tenant shall abandon the premises without demand or notice, or stand in the same relation to his landlord that he did at the expiration of the term or tenancy aforesaid; and so from year to year until he abandons the premises, is turned out of possession, or makes a new contract.”
It is maintained by counsel for the appellant that this section of the statute gives to the landlord, when the tenant holds over, the period of ninety days in which to determine whether he will regard the tenancy as continuing for another year or term; and, the determination of this question being alone with him, he can eject the tenant without notice at any time within the ninety days, or compel him to retain the possession. Such is not a proper construction of the statute. This section is for the protection of both the landlord and his tenant, and where the renting is for a year or more, to expire on a named day, the tenant may abandon the premises within the ninety days next succeeding the expiration of the term, and is not liable for a longer period than he holds, unless by express contract he agrees to remain longer. He is made a tenant by sufferance for the ninety days, and may be expelled from the premises by proper legal proceedings without notice, if instituted within that time, and if permitted to remain longer his tenancy as to time and price is regulated by the original contract, provided the original renting was for a year or more, and to expire on a certain day.
*236 Sec. 1 of art. 6, same chapter, provides that “ a tenancy at will or by sufferance may be terminated by the landlord giving one month's notice, in writing, to the tenant requiring him to remove.” This applies to all tenancies by will or sufferance, differing from the tenancy regulated by sec. 1 of art. 4 already cited. If the term is for less than a year, and to expire on a fixed day, the tenant holding over, by the consent or acquiescence of the landlord, may be ejected after giving one month’s notice in writing requiring him to remove.
When there is a day fixed on which the lease terminates, no notice is necessary, unless the tenant holds over for such a time as creates a tenancy at will or sufferance.
The proof in this case is that the appellees were paying 150 a month rent, and shortly before the expiration of the term one of the appellees applied to the appellant to know if he would reduce the price. The appellant declined to do so, and said to appellee, if you remain you must pay me the same price; to which the- appellee responded by saying, if we conclude to remain in the house we will let you know on the 1st of January, 1876, when the lease expires. The appellant then urged him to give notice on that day, as he wanted to rent to some one else. This was all that transpired until the 5th of January, 1876, five days after the lease expired, when the appellees paid the rent and notified their landlord that they were about to leave the premises. They tendered the keys on the 7th of the month, and appellant, refusing to take the possession, obtained the attachment that is now the subject of this controversy.
The appellant, who was sworn as a witness, testified to the facts given, and further that he understood from the conversation that the parties were to hold it for another year if they failed to notify him on the 1st of January, 1876, of their intention to abandon it.
The court having instructed the jury to find for the defend *237 ant, it is argued that upon these facts the case should have gone to the jury, in order that they might determine whether or not there was an agreement, or rather an express contract to hold for another year. The appellant’s understanding in regard to the contract can not affect the question. He has given the conversation that took place between the parties, and from it no express or implied contract originated.
Judgment affirmed.