CASE 37—FORCIBLE DETAINER—FEBRUARY 24.

# Irvine v. Scott,

APPEAL FROM FAYETTE CIRCUIT COURT.

1. ESTOPPEL.—One is concluded not only by what he does or says, but by the natural and reasonable inference from his declarations or conduct.
2. WHERE A TENANT HOLDS OVER under a renting which expired on a named day, the landlord may, at any time within ninety days after the expiration of the term, sue out his writ of forcible detainer under article 4 of chapter 66 of the General Statutes, unless something in addition to the mere holding over by the tenant has occurred to defeat the landlord's right to the possession; and neither the mere belief on the part of the tenant that he is to continue, nor the implied understanding alone, is sufficient to defeat the warrant. If, however, the landlord, without objection, permits the tenant to make arrangements to retain possession for another year and to make expenditures under the belief that he is to remain, that belief being induced by the conduct of the landlord, the right of the landlord to adopt the remedy provided by the statute will be denied him.

    In this case it is held that while the holding over by the consent of the landlord, and the payment of the monthly rent as formerly for two months after the day the tenant should have left, was not alone sufficient to defeat the remedy of the landlord for possession, yet as the landlord, in addition to this, stood by and permitted the tenant to fill the stable (the thing rented) with provender sufficient to last for the ensuing year, and then did not demand the possession, but an increased rent, he is estopped to evict the tenant.
3. WHEN THE TENANT HOLDS OVER FOR NINETY DAYS after the expiration of the day fixed by the lease for the abandonment of the premises, he then becomes a tenant for another year from the expiration of the lease.

Irvine v. Scott.

BRONSTON & KINKEAD FOR APPELLANT.

In consequence of the transactions between appellant and appellee after the expiration of the lease, appellant became *at. the least* a tenant at will (if not entitled to hold another year), and could not be evicted except after legal notice. (Addison on Contracts, p. 328; *Ibid.*, sec. 742, p. 408; Conway v. *Starkweather*, 1 Den., 113.)

C. SUYDAM SCOTT FOR APPELLEE.

1. A holding over by the tenant, if for less than ninety days after the expiration of the lease, does not give him the right to hold another year, nor is he entitled to notice to quit. (Gen. Stats., chap. 66, art. 4; Mendel v. Hall, 13 Bush, 232.)
2. As the mere payment of rent by the tenant during the ninety days after the expiration of the lease does not bind him to stay another year, the acceptance of rent by the landlord during that time does not bind him to keep the tenant another year. (Mendel v. Hall, 13 Bush, 232.)
3. As appellant is presumed to have known the law, he must be held to have made his purchases and payments with the statute in view.
4. The General Statutes contain the whole law governing this case. (Broaddus' Devisees v. Broaddus' Heirs, 10 Bush, 299.)

SAME COUNSEL IN PETITION FOR REHEARING.

1. The rights of the parties are to be determined by the last renting, which rested upon a definite written contract for a tenancy for a year, to expire on a certain day. The court is therefore in error in treating the tenancy in this case as a renting " by the year," and " from year to year."
2. The landlord is not required by the statute to take any notice of acts of the tenant done within ninety days after the expiration of the lease.
3. The purchase of supplies by the tenant is not entitled to the weight given it by the court. The tenant is presumed to have known the law, and acted at his peril.
4. A demand of possession is dispensed with by the statute. The writ of forcible detainer was the only demand needed. (Civil Code, section 452.)
5. Nothing short of an *express* contract can confer further right of occupancy within the ninety days.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This is a controversy between the landlord and tenant in regard to the possession of a stable in the city of

Lexington. It appears from the agreed state of facts that the appellant had rented this stable of the appellee for a number of years by parol. The renting was by the year, at the rate of twenty dollars per month, the rent payable monthly. On the 8th of October, 1882, the appellant and appellee entered into a written contract, by which appellant rented the stable for one year, at the price of two hundred and forty dollars, the rent to be paid, as under the parol contract, by the month.

The rent expired on the 8th of October, 1883, and the appellant still continued in the possession of the premises, paying to the appellee the rent at the end of each month, as under the former contracts of renting. These payments were made for two months, and nothing said about the lease. At the end of two months the appellee demanded an increased rent, and the appellant refusing to pay a greater sum, this warrant of forcible detainer was issued, resulting in a judgment of eviction. It seems that the appellant had filled his stable with provender for the ensuing year, and was proceeding to occupy the premises as he had done under the previous renting.

The right to maintain this warrant is based on the provisions of section 1, article 4, chapter 66, General Statutes. That section was construed by this court in the case of Mendel v. Hall, reported in 13 Bush, 232. It is there said that it was the duty of the tenant to abandon the premises at the expiration of his term, and that a holding over for a less period than ninety days, gave the landlord the right to proceed against the tenant without notice, and also the right to the tenant to abandon the premises within that time. Where the holding over is

for ninety days after the expiration of the day fixed by the lease for abandoning the premises by the tenant, he then becomes a tenant for another year from the expiration of his lease. A contract for renting to expire on a certain day, when the tenant holds over, is distinguished from a tenancy at will or by sufferance, and it is in that class of cases where article 4 of chapter 66, applies.

By section 1 of article 6 of the same chapter, "a tenancy at will or by sufferance may be terminated by the landlord giving one month's notice to the tenant, requiring him to remove;" but when by the contract a day is fixed for the renting to expire, and there is a holding over for ninety days, the tenant becomes a tenant for another year, and is not a tenant at will or by sufferance.

It is plain that under article 4 of chapter 66, the landlord may sue out his writ of forcible detainer without notice, when the tenant fails to leave on the day fixed, and has not held over for ninety days after the renting terminates.

In this case the renting expired on a named day, and there is no express contract to continue longer. Nothing was said about the lease, and, therefore, there must be some facts that must defeat the landlord's right to the possession, in addition to the mere holding over by the tenant, or the eviction must take place. The mere belief on the part of the tenant that he is to continue is not sufficient, or the implied understanding alone will not defeat the warrant.

In this case it appears that the renting had been from year to year under the same contract or the same terms,

and a continual possession of the property by the appellant under a renting from year to year until this warrant was issued or the demand for an increase rent made. The holding over was by the consent of the landlord, and the monthly rent paid as formerly for two months after the expiration of the day the tenant should have left; but this alone would not be sufficient to defeat the remedy of the landlord for the possession, but the latter stands by and permits the tenant to fill the stable with provender sufficient to last for the ensuing year, and then does not demand the possession, but an increased rent. It was in effect saying to the tenant, you can continue in possession and make arrangements to retain possession for another year, and not only induced but sees the tenant make an expense that no man of ordinary prudence would have made, but for the conduct of the owner of the premises. Under such circumstances, the right of the landlord to adopt such a remedy as is provided by the statute will be denied him.

"The rule is clear and proper that that one is concluded not only by what he does or says, but by the natural and reasonable inference from his declarations or conduct." (Bigelow on Estoppel.)

The payment of rent establishes the relation of landlord and tenant, but here that relation is controlled by the statute. The landlord has, by his own conduct and his failure to speak or assert his claim, stood by and seen the tenant provide for the year's rent by an expenditure that works an injury to the tenant, unless he can hold for the year.

He believed that he had the right to hold for the

year. That holding was induced by the act of the appellee, and the tenant, acting upon it, has done that which he would not have done but for appellee's conduct.

The judgment must then be reversed, and cause remanded for proceedings consistent with this opinion.