## No. 2321.

## J. WEINSTEIN *v.* THE NATIONAL BANK OF JEFFERSON.

1. PLEADING—FORGED CHECKS.—A bank was sued by a depositor, whose pass book had been balanced and all checks returned to him in June, for an amount paid by the bank on forged checks drawn in the depositor's name, which forgery was discovered during the following August, when repayment was demanded. The bank pleaded that the depositor, having failed to discover and give notice of the forgery in a reasonable time, the plaintiff was estopped from questioning the correctness of the account, but failed to allege any injury or loss to the bank from the failure to sooner notify it of the forgery. *Held,* that exceptions to the defense were properly sustained.

2. SAME.—See opinion for plea by defendant setting up the laches of the plaintiff by way of estoppel, *held* good on general demurrer.

3. DEPOSITOR—FORGED CHECKS—NEGLIGENCE.—A bank is not liable to a depositor, when money has been paid out by it on forged checks, if the depositor, after receiving a statement of his account by which he is enabled to ascertain the forgery, neglects to inform the bank thereof in a reasonable time, and thereby it loses the opportunity of recovering the money, which it could have secured if promptly informed.

4. ESTOPPEL.—An estoppel may be created, not only when the party sought to be concluded knows the material facts he is charged with having represented or concealed, but also where he is in such position that he ought to have known them, so that knowledge will be imputed to him.

5. DEPOSITOR—FORGED CHECKS.—It is the duty of a depositor to know whether his account with a bank is correct or not, and promptly to report a forgery when detected. Should he negligently fail to make the examination and consequent discovery, when it could have been discovered, it is as if he had expressly admitted the genuineness of the forged checks, and he will not afterwards be permitted to deny their genuineness, provided the bank has been prejudiced by his failure.

APPEAL from Marion.　Tried below before the Hon. W. P. McLean.

*Todd & Hudgins,* for appellant, urged that so much of appellee's amended answer and trial amendment as attempted to set up estoppel by delay and acquiescence was defective, insufficient and obnoxious to appellant's exceptions, because it did not appear therefrom that appellee's condition was injuriously affected or changed by appellant's acts or omissions, citing 27 Texas, 421; 28 Texas, 713; 45 Texas, 475; 3 United States, 125; 113

---

---

United States, 96; 2 Daniel on Negotiable Instruments, 1369, 1370, 1371, 1372.

*C. A. Culberson*, for appellee: On his proposition that there was no error in overruling the demurrer to the trial amendment and amended answer, cited Bank of United States v. Bank of Georgia, 10 Wheat, 333; Bank v. Morgan, 117 United States, 115, where the whole subject is exhaustively discussed; Bank v. Bank, 50 New York, 575; Voorhis v. Olmstead, 66 New York, 113; Morse on Banks and Banking, page 343, citing 10 Vermont, 141; Hardy v. Bank, 51 Maryland, 562; same case, 34 American Reports, 325; Welch v. Bank, 29 American Reports, 175; United States v. Bank, 28 Federal Reporter, 357.

That there was no error in refusing the special charge asked by appellant, he cited DeFerict v. Bank, 8 American Reports, 597; same case, 23 Louisiana Annual; 310; Frank v. Bank, 33 American Reports, 501; same case, 84 New York, 209; Bank v. Morgan, 117 United States, 115.

GAINES, ASSOCIATE JUSTICE. The plaintiff in the court below who is appellant here, was during the years 1885 and 1886, a merchant in the city of Jefferson and depositor in the bank of the defendant corporation. He was absent during the period of the transactions involved in this suit, that is to say, from December, 1885, to August, 1886, but his business was in charge of his brother, A. Weinstein, who was his agent and attorney in fact. On the twenty-seventh of February and also on the twelfth of June, 1886, the cashier of the bank balanced plaintiff's pass book and returned all checks, which had been paid by the bank up to these dates respectively. In August, 1886, A. Weinstein discovered or claimed to have discovered, that a number of checks of dates extending from December 5, 1885, to June 4, 1886, which had been paid by the bank and charged to plaintiff's account had been forged. The aggregate amount was one thousand and eighty-two dollars and five cents. The checks were embraced in the accounts balanced in the pass book, and were returned to plaintiff's agent with the pass book when balanced at the dates named above.

Plaintiff made demand of the bank for the money charged against him on the checks alleged to have been forged, and payment having been refused brought this suit for its recovery. The defendant pleaded a general denial, and also in substance

that plaintiff's agent having at the dates above named received the pass book and checks, and having failed to use due diligence to detect and denounce the forgeries within a reasonable time, plaintiff was thereby estopped from questioning the correctness of the account. The court overruled an exception to the plea of estoppel, and plaintiff excepted to the ruling and now assigns it as error. The ground of the exception was, that the plea did not "allege or show any injury or loss to defendant occasioned by, or resulting from, the delay on part of plaintiff," in discovering and giving notice of the forgeries. The exceptions were well taken to the original answer. It contained no averment of any loss by reason of the laches of plaintiff's agent, or that its condition had been in any manner changed for the worse by his negligence. We do not see that such loss or injury was a necessary consequence of the facts set forth in the answer, and hence in our opinion in order to make it good as a plea of estoppel, it should have been alleged. But in a trial amendment filed by leave of the court (it is to be presumed after the exceptions had been sustained, though no order sustaining it appears on the record), defendant avers that by reason of the "negligence and failure" to examine and report any errors or forgeries therein it was "debarred the right and opportunity of protecting itself," and further, that if the account of February 27, had been examined and the forgeries reported, defendant would not have paid the other checks alleged to have been forged. The first part of this allegation is vague and indefinite, but we think it good upon a general demurrer. (May v. Taylor, 22 Texas, 348; George v. Lemon, 19 Texas, 151.) A special exception on account of vagueness and generality should have been sustained, but no such exception was filed.

Appellants second assignment is that:

2. "The court erred in its charge to the jury in paragraphs nine, ten and eleven of said charge, in this, that said instructions debarred plaintiff from any recovery for any amount, notwithstanding all the checks may have been forged, if the jury found a failure on the part of plaintiff to examine and inspect the accounts and checks, which were never returned to him until February 27, 1886."

We do not think the assignment well taken. It may be that these paragraphs, if they stood alone, would subject the charge to the criticism which is made upon it. In paragraph nine the jury are told that if, by reason of the failure of A. Wein-

stein to examine the account and report the forgeries, "the opportunity of protection on part of defendant was lost, then plaintiff would not be entitled to recover." The eleventh paragraph contains substantially the same proposition. We are not prepared to say that, under the peculiar facts of the case, these paragraphs of the instructions, taken by themselves, would not have been calculated to mislead; but in the sixth paragraph the jury had been previously instructed, in effect, that the bank would be liable, unless Weinstein had neglected to examine the account and report the forgeries "for such a length of time as worked an injury to the bank;" and in the seventh they are further charged, in effect, that the bank was injured if, by reason of Weinstein's negligence and delay, it lost the means of recovering the money, which it would have had if the discovery and report had been made in a reasonable time. Taking the charge as a whole, the jury must have understood that they were not warranted in finding for the plaintiff under any state of facts, unless they found that the bank had not been prejudiced by the negligence of plaintiff's agent.

In his third assignment of error appellant complains of the action of the court in refusing to give the following instruction asked by his counsel upon the trial:

"If you believe, from the evidence, that the defendant paid the checks purporting to be drawn by the plaintiff between the fifth day of December, 1885, and the twenty-seventh day of February, 1886, the date of the balancing and return of plaintiff's book, and if you believe that any of such checks so paid within said period of time were false or forged, then the plaintiff is not estopped from recovering the amount so paid on such false or forged checks and charged to plaintiff, even though you should find that plaintiff is estopped by negligence from recovering for any forged or false checks paid after said balancing and return of said pass book on said February 27, 1886. And in such case, you will find for plaintiff the amount of such false and forged checks so paid by defendant and charged to plaintiff from December 5, 1885, to February 27, 1886."

It will be seen that the charge requested and refused, assumes, as a matter of law, that there could be no estoppel as to the amounts paid on the checks alleged to be forged before the balancing of the pass book and the return of the checks on the twenty-seventh of February, 1886; and appellant is not without authority to support this position. In Daniels on Negotiable

Instruments it is said: "It seems, further, that the depositor owes the bank no duty which requires him to examine his pass book or vouchers with a view to detection of forgeries of his name, and may therefore repudiate such a charge whenever the forgery is discovered." (2 Daniels Neg. Inst., sec. 1370.) The learned author refers, in support of his position, to Weisser **v.** Dennison, 10 New York, 69, and to National Bank v. Tappan, 6 Kansas, 465, the former of which fairly supports his text; though, in our opinion, the latter does not. We think there may be cases in which a bank that has paid forged checks may be put in a worse position by the failure of the depositor to detect the forgery upon return of his pass book within a reasonable time, than he would have been had the fraud been promptly discovered and denounced. In such a case, injury having resulted, the transaction contains every element of an estoppel. The object of the statement of the account in the pass book and its return with the checks is to apprise the depositor of the full state of his account, as shown by the books of the bank, to the end that he may verify it if it be correct, or detect its errors if it be found erroneous. The banker impliedly says to the depositor: This is my account; examine it, and if not found correct, report to me its inaccuracies. And, should the latter fail to complain within a reasonable time, the banker would have the right to consider that there was no objection to it. By his failure to speak in proper time, he virtually admits the correctness of the items charged. It is now held that an estoppel may be executed not only when the party sought to be concluded knows the material facts he is charged with having represented or concealed, but also when he is "in such position that he ought to have known them, so that knowledge will be imputed to him." (2 Pomeroy's Equity, sec. 809.) Hence it is the duty of the depositor to know whether the account is correct or not, and promptly to report a forgery when detected. Should he negligently fail to make the examination and consequent discovery (when he could have discovered it) it is as if he had expressly admitted the genuineness of the checks, and he will not be permitted to deny the fact, provided the bank be prejudiced by his failure. It has been held by this court that when one party has been prevented or induced by the conduct and representations of another from taking prompt action for the collection of his debt, that this is such a change in his position for the worse as to meet the requirement

of the law in order to create an estoppel. (Schwarz v. National Bank, 67 Texas, 217.)

In these views we are ably sustained by the opinion in the case of the Leather Manufacturer's Bank v. Morgan, 117 United States, 96. That case as to its facts, is very similar to the case before us, and in the opinion there delivered, Mr. Justice Harlan exhaustively reviews the authorities, and affirms the principles we have stated. The learned judge distinguishes the cases of Wiesser v. Dennison and the National Bank v. Tappan, supra, and claims that they are not in conflict with his opinion. We need refer only to that opinion in support of our conclusion and to the cases there cited and discussed. There are expessions in the language of the court in that case, from which it may be inferred, that the law would presume that the bank was prejudiced by the negligence of the depositor in failing to detect and discover the forgery. We are not prepared to say whether such a deduction may be legitimately drawn from it or not, but if so, we do not wish to be considered as assenting to that doctrine. We think that it is a matter for the jury under appropriate instructions from the court.

By the charge under consideration, appellant virtually requested the court to instruct the jury that the bank could not have been prejudiced and would at all events be liable, as to the checks paid before the first return of the pass book and checks in February, 1886. It follows from what we have said, that in our opinion, this is not the law and there was no error in refusing to give the instruction. The general charge left it to the jury to say whether the bank was injured on or not, and this was correct. There is no assignment raising the question of the sufficiency of the evidence upon that issue and therefore we are not called upon to consider whether or not the evidence supports the verdict in that particular.

There is no error, and the judgment is affirmed.

*Affirmed.*

Opinion delivered November 4, 1887.