Case 60.—ACTION BY THE COLUMBIA FINANCE AND TRUST
CO. AGAINST J. W. RECCIUS & BRO.—May 12.

## J. W. Reccius & Bro. v. Columbia Finance & Trust Co.

Appeal from Jefferson Circuit Court, Common Pleas Branch, Second Division.

Thos. R. Gordon, Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

Forcible Detainer—Landlord and Tenant—Tenant by the Month—
    Notice to Quit—Where a tenant's lease on premises has expired, and the landlord agrees that he may continue in possession and use of the premises as tenant by the month, but to have one month's notice before being required to

J. W. Reccius & Bro. v. Columbia F. & T. Co.

quit, he is not a tenant at will or by sufferance, but a tenant from month to month, which tenancy may be terminated by the landlord giving him one month's previous notice, which notice may be verbal.

O'NEAL & O'NEAL for appellants.

### POINTS AND AUTHORITIES.

1. A tenancy from month to month for an indefinite period of time, such as the tenancy in the case at bar, is a tenancy at will within the meaning of sec. 2326, Ky. Stats., and a thirty days' notice in writing is necessary to terminate it.

2. If sec. 2326, Ky. Stats., does not apply to periodical tenancies of indefinite duration, including tenancies from year to year and month to month, said section is useless and of no effect.

### AUTHORITIES.

2 Minor, 172; Tiedeman on Real Property, 213; American & Eng. Ency. of Law, 2nd Ed., vol. 18, p. 203; Rev. Stats., chap. 56, art. 1, secs. 4 and 5; Ky. Stats., secs. 2295, 2296, 2326; Taylor on Landlord and Tenant, 1904 Ed., vol. 1, sec. 60; Taylor on Landlord and Tenant, 1904 Ed., vol. 2, sec. 467; Tennelly v. Ross, 14 Ky. Law Rep., 48; Wayman v. Taylor, 1 Dana, 527.

TRABUE, DOOLAN & COX and DU RELLE & McHENRY for appellee.

### POINTS AND AUTHORITIES.

1. The traversor in a forcible detainer case is required to file the record from the magistrate's court within ten days, and it is essential to a filing that the tax should be paid. (Code, sec. 463; Ky. Stats., 4238; L. & N. R. R. Co. v. Hall, 24 Ky. Law Rep., 2491; Wayman v. Taylor, 1 Dana, 527; Tennelly v. Ross, 14 Ky. Law Rep., 48.)

2. A tenancy from month to month is not a tenancy at will under the Kentucky Statutes. It is terminable by thirty days' notice, and this notice need not be in writing unless by contract a written notice is required. A notice in writing is not required to terminate any kind of tenancy in Kentucky, except a tenancy at will, or by sufferance, or in proceedings to enforce the forfeiture of a lease. (Ky. Stats., sec. 2326; Taylor on Landlord and Tenant, secs. 59 and 64; Ky. Stats., secs. 2295-2296; Rev. Stats., chap. 56, art. 1, sec. 4; Gen. Stats., chap. 66, art. 4, sec. 1; Rev. Stats., chap. 56, art. 1, sec. 5; Gen. Stats., chap. 66, art. 5, sec. 1; Mendel v. Hall, 13 Bush, 232; Irvine v. Scott, 85 Ky., 262; 18 A. & E. Ency., 204, 396.)

OPINION BY JUDGE O'REAR.—Affirming.

Appellant was the tenant of appellee, having rented from it a storehouse on Fourth street in the city of Louisville, originally for the term of one year. At the expiration of the year, the parties being unable to agree upon a renewal of the lease, it was agreed that the tenant should continue in the possession and use of the premises as tenant by the month, but was to have one month's notice before being required to quit. This was a tenancy from month to month, with the option to the tenant to renew at the beginning of each monthly period, unless he had had at least one month's previous notice if the landlord should require the possession at the end of the month. In this proceeding for forcible detainer it was conceded that the facts of the renting were as stated above, and that the landlord gave to the tenant at least one month's notice to quit. The notice was verbal, not in writing.

Appellant's contention is that it was a tenancy at will or by sufferance, and that he was, therefore, under section 2326, Ky. Stats., 1903, entitled to one month's notice in writing to quit. A tenancy at will is essentially undeterminate by its own terms. It will not end at any certain time by its own mere force. "A tenancy by sufferance is where a person who has originally come in possession by a lawful title holds such possession after his title has determined." (Mendel v. Hall, 13 Bush, 232; Irvine v. Scott, 85 Ky., 262, 8 Ky. Law Rep., 911, 3 S. W., 163.) Such a tenancy arises generally where a tenant holds over without the consent of his landlord, but merely through the inaction of the latter after the expiration of the terms of the lease. It was deemed the slightest possible estate at the common law, and

could be terminated without notice merely by the entry of the landlord and his eviction of the tenant, as could also a tenancy at will. The harshness of this rule led to the adoption of the custom, and finally of the statutes, requiring notice to the tenant to quit. We have such a statute in this State. Section 2326 is as follows: "A tenancy at will or by sufferance may be terminated by the landlord giving one month's notice, in writing, to the tenant requiring him to remove. This, however, is subject to, or must be read in connection with secs. 2295, 2296, the former relating to tenancies for a year or more, and the latter to less than a year; it being provided that if, by contract, a tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer. But if, without such contract, he holds over, he does not thereby acquire any right to remain on the premises for ninety days after said day, and the possession may be recovered without demand or notice, if proceedings are instituted within that time. But after the expiration of the ninety days the tenancy is deemed to be renewed for another year. It was held, in construing this section, that, although such tenant, within ninety days after the expiration of his term, was a tenant by sufferance, still the notice mentioned in sec. 2326 (then sec. 1, art. 6, chap. 66, Gen. Stats.) was not required to be given, because sec. 2295 itself provided otherwise. (Mendel v. Hall, supra; Irvine v. Scott, supra.) Likewise, by sec. 2296, it is provided that if, by contract, a tenancy for less than a year is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract, he has the right to remain longer. But if,

without such contract to remain longer, the tenant shall hold over, he does not thereby acquire any right to hold for the next thirty days after that day, during which possession may be recovered without demand or notice. It will thus be seen that the Legislature has provided three proceedings by which tenancies by sufferance may be terminated.

Counsel for appellant inquire to what state of case can sec. 2326 be applied, in view of secs. 2295 and 2296, if not to the one presented at bar? It will be observed that secs. 2295 and 2296 deal alone with tenancies by sufferance, and of those only that arise upon determination of a tenancy by contract for fixed and definite periods. From the definition heretofore given of tenancies by sufferance in general, it is obvious that there may be still another class of such tenancies where they arise by operation of law by the termination or expiration of an uncertain term; as, for example, a tenancy per autre vie, or a tenancy terminable upon the happening of a condition or other contingency—as where the tenant holds over after the death of the person for whose life he held, or holds after the happening of the contingency or condition by which his term is ended. In the class of cases last illustrated sec. 2326 would apply. But we are clearly of opinion that the tenancy in this case was neither a tenancy by sufferance nor a tenancy at will. The duration of the term was certain; that is, the term was for one month. The fact that a lease for a fixed period gives to the lessee an option of renewal will not affect its character as a lease for a fixed period. (Jones v. Kroll, 116 Pa., 85, 8 Atl., 857; Munson v. Wray, 7 Blackf. (Ind.), 403; Myers v. Kingston Coal Co., 126 Pa., 582, 17 Atl., 891.) The parties, of course, have the right to provide that the option should itself be subject to condition—such as

that it should not be exercised if the lessor gave notice for an agreed length of time that the tenancy was to cease. The only reason, therefore, that notice was required at all in this case was because the parties had agreed so. The Legislature has seen fit to provide in sec. 2326 that a tenancy at will or by sufferance might be terminated by the landlord giving one month's notice in writing. It has not been required in any other instance. Except for that legislative provision, the notice would not have to be in writing. At the common law, notice to a tenant to quit, unless otherwise stipulated by the agreement of the parties, was sufficient if verbal. (Haley v. Hickman's Heirs, Litt. Sel. Cas., 266.)

The court's instruction to the jury, therefore, that they should find the defendant guilty of the forcible detainer if they should believe from the evidence that the plaintiff, the landlord, gave the defendant thirty days' notice to quit previous to the terminal day claimed by plaintiff, to wit, April 10, 1903, was right; wherefore the judgment is affirmed.

---

Case 61.—CONTROVERSY BETWEEN JOHN H. HALL AND ELLEN DINEEN. MOTION TO CORRECT JUDGMENT ALLOWING TEN PER CENT. DAMAGES UPON AMOUNT SUPERSEDED.—May 16.