## Buehner v. Kohn.

(Decided June 12, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. **Lessor and Lessee—Forcible Detainer—Contract of Tenancy—Construction of Statute.**—Appellant was a tenant of appellee from January 1st, to July 1st, under a contract that "every month's rent is to be paid promptly when due, and upon failure to pay said rent when due, the said party of the first part agrees to surrender the said premises without notice or demand." He defaulted in the rent for July and again for August, and on August 26th appellee sued out a forcible detainer process, succeeding upon the trial and again upon a traverse to the circuit court. Held, That under section 2296 Ky. Stats., the detainer proceeding was not premature.

2. **Lessor and Lessee—Termination of Lease—Contracts.**—Contracts providing for the termination of leases when rent is not paid are universally upheld.

A. J. BIZOT for appellant.

KOHN, BINGHAM, SLOSS & SPINDLE for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

There is grave question whether appellant so practiced his case below as to be entitled to have it reviewed here. But as an examination of the record has convinced us that the merits of it are against him, we will waive the preliminary question of procedure.

Appellant, Buehner, leased in writing of appellee, Kohn, a certain dwelling property in Louisville from January 1, 1911, to July 1, 1911, at $25 per month. The lease contained this clause: "Every month's rent is to be paid promptly when due, and upon failure to pay said rent when due, the said party of the first part (Buehner) agrees to surrender the premises without notice or demand." He did not pay any rent for July nor any for August. On August 26th, Mr. Kohn sued out a forcible detainer process against his tenant. Upon trial he succeeded. Upon a traverse and trial in the circuit court, Mr. Kohn was again successful, and the tenant appeals here. His rights are founded upon section 2296 of the Kentucky Statutes, which is as follows:

"If by contract a tenancy for less than a year is to

expire on a certain day, the tenant shall abandon the premises on that day unless by express contract he secures the right to remain longer. If without such contract the tenant shall hold over he shall not thereby acquire any right to hold or remain on the premises for thirty days after said day, and the possession may be recovered without demand or notice if proceedings are instituted within that time. But if proceedings are not instituted within said time, then none shall be allowed until the expiration of sixty days from the day the tenancy expired, and at the end of said sixty days the tenant shall abandon the premises without demand or notice, or stand in the same relation to his landlord that he did at the expiration of the tenancy aforesaid, and so on from time to time until he abandons the premises, is turned out of possession or makes a new contract.''

Now, Buehner's contract was for less than a year. It expired on July 1st. He remained the first thirty days thereafter, and thereby gained, under the statute quoted, nothing else appearing, the right to remain thirty days yet longer, a total of sixty days after July 1st. He contends that during the last thirty days of this entire sixty days he was not subject to eviction; that he was during said time a tenant at will or by sufferance, and, therefore, was entitled to the one month's notice accorded to tenants of this character by section 2326 of the Statutes. Obviously, this position is unsound, for the very demand of the statute is that at the end of the sixty days the tenant should abandon the premises. How, therefore, can it be said that he is entitled to notice? He is not a tenant at will during the last half of this sixty days. He is a tenant under the terms of the original lease. The similarity between section 2295 and 2296 is apparent. The Legislature divided all leases of fixed expiration periods into two classes, those of a year or more named in section 2295, and those of less than a year named in 2296. A tenant under the first class who had a five year lease, for instance, and remained over for three months, had the right to stay not five, but one year longer. A tenant under the second class who had a lease for any given number of months short of twelve, and remained over for thirty days, had the right to stay, not his original leasehold period, but a period of sixty days from its contract date of expiration. In both classes the statute gave the one remaining over a fixed and definite time, a year

in one case, sixty days in the other. Now, in Mendel v. Hall, 13 Bush, 232, it was held of section 2295 that where the tenant remained over the ninety days, he was in for one year under the conditions of his original contract. See also Reccius & Bro. v. Columbia F. & T. Co., 120 Ky., 478. The rule is equally applicable to section 2296; and when the tenant has remained over thirty days beyond his term, he is in for thirty days more under the conditions of his contract. This point is decisive of the case at bar; for the contract in question, which under the rule just cited was the contract covering the August tenancy, had the provision, supra, that a failure to pay rent obligated Buehner to surrender at any time. The detainer proceeding instituted on August 26th was, therefore, not premature; and this is the appellant's whole case. In Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky., 339, it was remarked that contracts providing for the termination of leases when rent is not paid are universally upheld. And in the Reccius case, supra, it was expressly held that the notice demanded by section 2326 did not apply to cases bottomed on the facts before us here.

The judgment is affirmed.