## COLEMAN DRILLING CO. v. FIRST NAT. BANK OF BURKBURNETT.
### (No. 2135.)

(Court of Civil Appeals of Texas. Amarillo. May 2, 1923. Rehearing Denied May 30, 1923.)

Banks and banking ⬥148(3)—Bank negligent in paying forged checks liable therefor notwithstanding depositor's failure to examine monthly statements.

Where a bank was negligent in the payment of forged checks, and could have discovered the forgeries before payment by exercising ordinary care and skill, notwithstanding its custom to make up monthly statements for delivery when called for by customers, it was responsible for payments made on checks over a period of eight months, notwithstanding depositor's negligence in failing to secure monthly statements, examining them, and discovering the forgeries therein.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by the Coleman Drilling Company, a copartnership, against the First National Bank of Burkburnett. From judgment for plaintiff in amount less than petitioned for, it appeals. Reformed and rendered.

Davenport & Thornton, of Wichita Falls (K. C. Barkley, of Houston, of counsel), for appellant. Jos. H. Aynesworth, of Wichita Falls, for appellee.

BOYCE, J. This suit was brought by the Coleman Drilling Company, a partnership, against the First National Bank of Burkburnett, to recover funds deposited with the bank and paid out by it on forged checks. The bank pleaded negligence and estoppel on the part of the plaintiffs in that they failed to examine the monthly statements made up by it, which were accompanied by checks charged against the account, thus permitting the continuance of the forgeries, which would have been otherwise detected. To this the plaintiffs in turn answered that the bank was negligent in not detecting the forgeries in the first instance.

The plaintiffs deposited a large amount of money with the bank, and drew checks against their account from time to time. It was the bank's custom to make up monthly statements of its accounts with its customers, and place these in charge of a special clerk in the bank for delivery when called for by the customers. The bank followed this custom in handling the plaintiff's account. The plaintiffs knew of the custom, and that they could get their statements by calling for them, but neglected to do this for a period of eight months. When they did get the statements plaintiff Coleman, who was managing the business, discovered at once that forged checks amounting to something over $4,000 had been paid by the bank and charged to plaintiff's account. These forgeries were easily detected, and would have been discovered upon examination of the first monthly statement. The forgeries continued through the entire period of eight months, and were committed by an employee of plaintiffs. This employee disappeared, and became a fugitive from justice when the forgeries were exposed. The forged checks paid and appearing in the first monthly statement amounted to the sum of $268.80.

The jury found, and there is no attack on their findings, that forged checks to the amount of $4,011 had been paid by the bank; that the officers and employees of the bank were guilty of negligence in the payment of such checks, and could have discovered the forgeries before payment by "exercising ordinary care and skill;" that the plaintiff Coleman was "guilty of negligence in failing to call for and secure his monthly statements and examine the same and discover the forgeries among his canceled checks." The court rendered judgment for the plaintiffs for $268.80, the amount of forged checks included in the first statement. The only question on appeal is whether on the verdict the plaintiffs were entitled to judgment for $4,011 instead of the amount awarded them.

The Supreme Court of this state held in the case of Weinstein v. National Bank, 69 Tex. 38, 6 S. W. 171, 5 Am. St. Rep. 23, that it is the duty of the depositor to examine statements of accounts with vouchers furnished him by the bank "to the end that he may verify it, if it be correct, or detect the errors if it be found erroneous," and that, should the depositor "negligently fail to make the examination and consequent discovery

---

where he could have discovered it," he is estopped from denying the correctness of the account, where to permit him to do so would entail loss on the bank that it would not otherwise have sustained. The court cites with approval the case of Bank v. Morgan, 117 U. S. 96, 6 Sup. Ct. 657, 29 L. Ed. 811, where the question is elaborately considered. There is a fact in this case now for decision that was not discussed and probably did not appear in the case of Weinstein v. Bank, supra, to wit, that the bank's employees were guilty of negligence in failing to discover the forgery before payment of the checks. As to the law with this additional fact shown, the Supreme Court of the United States said, in the case of Bank v. Morgan, supra:

"Of course, if the defendant's officers, before paying the altered checks, could by proper care and skill have detected the forgeries, then it cannot receive a credit for the amount of those checks, even if the depositor omitted all examination of his account."

In this connection, see, also, New York Produce Exchange Bank v. Houston, 169 Fed. 785, 95 C. C. A. 251; National Dredging Co. v. Bank, 6 Pennewill, 580, 69 Atl. 607, 16 L. R. A. (N. S.) 599, 130 Am. St. Rep. 158; Merchants' National Bank v. Nichols & Shepard Co., 223 Ill. 41, 79 N. E. 41, 7 L. R. A. (N. S.) 752; Critten v. Chemical National Bank, 171 N. Y. 219, 63 N. E. 969, 57 L. R. A. 529; First National Bank v. Allen, 100 Ala. 476, 14 South. 335, 27 L. R. A. 426, 46 Am. St. Rep. 80; 3 R. C. L. pp. 538, 539, § 168; note, 17 Ann. Cas. 125; note, L. R. A. 1915D, 753. In Weinstein v. Bank and Bank v. Morgan, supra, the right of the banks to defend on account of the failure of the customer to examine his account and report to the bank was allowed on application of the principles of estoppel. Now one principle of estoppel, as stated by Pomeroy in his work on Equity Jurisprudence (section 813), is that—

"The party who claims the benefit of an estoppel must not only have been free from fraud in the transaction, but must have acted with good faith and reasonable diligence; otherwise no equity will arise in his favor."

We assume that the recognition of this principle led the Supreme Court of the United States to announce the law as above quoted.

The New York Court of Appeals, in the case of Critten v. Chemical National Bank, supra, denied the applicability of the principles of estoppel to a case such as we have been discussing, but held, in effect, that the depositor would be liable to the bank for the damages sustained by it for his negligence in failing to detect the forgeries and give notice to the bank. But the rule announced by the New York court will lead to the same result in this case, as will appear from the following quotation from that decision:

"Since * * * the liability of the plaintiffs [the depositors] to the bank was solely for the loss caused by their negligence, it is a complete answer to the defendant's claim that its own negligence contributed to the loss. * * * The action unquestionably was brought on contract, and it remained such. The plaintiffs sue for a debt to which the defendant answers: We have paid the money, true, not according to your directions, but in compliance with what we believed to be your directions, and your negligent conduct and your duty towards us led us into that error. To which the plaintiffs rejoined: Your own negligence contributed to the loss. All this may be true yet the plaintiffs recovered not in tort but on contract, for the allegation of negligence on the part of the defendant is used only to defeat its claim for relief on account of the plaintiffs' negligence."

Several of the other cases cited, to wit, National Dredging Co. v. Bank, Merchants' National Bank v. Nichols, and First National Bank v. Allen, follow the reasoning of the New York court. But, as we have already stated, the result in this case will be the same whether we accept the reasoning in the case of Bank v. Morgan, supra, or that announced in the other cases. In either event, the plaintiff was, in our opinion, entitled under the verdict of the jury to recover the $4,011; and judgment will be rendered accordingly.