QUILLING and others, Executors, and others, Appellants, vs. WAGGONER, Respondent.

*January 10—February 7, 1933.*

508

G. P. *Gannon* of Rice Lake and *W. T. Doar* of New Richmond, for the appellants.

For the respondent the cause was submitted on the brief of *Coe Brothers* of Barron, attorneys, and *Douglas & Omernik* of Spooner of counsel.

FAIRCHILD, J.  The court held the first deed void and the second one good.  The principal contention arises over the finding by the court that no agreement on the part of the defendant Waggoner to refrain from taking the second tax deed on the 1928 certificate existed.  If the respondent took this second deed in violation of understanding with the appellants, it is void.  *Mather v. Hutchinson,* 25 Wis. 27; Herman, Estoppel, sec. 945; *Terrell v. Weymouth,* 32 Fla. 255, 13 South. 429, 37 Am. St. Rep. 94; *Hoene v. Pollak,* 118 Ala. 617, 24 South. 349, 72 Am. St. Rep. 189. The learned trial judge, in a memorandum opinion concerning the dispute between the witnesses over the existence of an agreement, says:

"I do not find it easy to determine with any satisfactory degree of certainty as to what the agreement between the attorneys was.  It may well be that they misunderstood each other.  Apparently the talk was extremely informal and was lacking in care and precision of agreement."

The position taken by the trial court is perfectly understandable in view of the confused condition of the complaint which was not amended until after the trial began, but the exact terms and stipulations of an agreement are not what is controlling under such circumstances as exist here. If the respondent by his acts, conduct, or ·declarations induced the appellants to alter their position injuriously to themselves, respondent cannot avail himself of the absence of a formal or specific agreement. He is then concluded not only by what he or his agent did or said, but by the natural and reasonable inference from his statements and conduct. *Bynum v. Preston,* 69 Tex. 287, 6 S. W. 428; *Weinstein v. National Bank of Jefferson,* 69 Tex. 38, 6 S. W. 171, 5 Am. St. Rep. 23 and note 28; *Irvine v. Scott,* 85 Ky. 260, 3 S. W. 163; *Priewe v. Wis. State L. & I. Co.* 103 Wis. 537, 552, 79 N. W. 780.

"That is, the person setting up the estoppel must have been induced to alter his position, in such a way that he will be injured if the other person is not held to the representation or attitude on which the estoppel is predicated." 10 Ruling Case Law, p. 697.

At the time of the conversation between Mr. Douglas and the representative of the appellants in January, 1932, weeks before the respondent's right to the valid tax deed could mature, the appellants still had the opportunity and the right to redeem the taxes and clear the title to their property. Did they refrain from timely action because of being misled by respondent? At that time there was extant the first deed affecting the title to the premises dated September 26, 1931, which appellants claimed to be and which was subsequently declared to be invalid. Other certificates for defaulted taxes were outstanding at the time of the negotiations which then could have been redeemed.

The collection of taxes imposed by the legislative branch of our government is a vital necessity to the public welfare. The revenues essential in carrying out the practical pur-

poses of constitutional government must be secured, and from time immemorial rewards and inducements have been held out to those who through the purchase of tax certificates advance defaulted taxes. These rewards comprise the acquiring of title to the land on which taxes have been advanced by the certificate holder, or in case of redemption by the delinquent taxpayer the receiving of money with a high rate of interest on the amount advanced for the use of the state or municipality to be paid by the delinquent taxpayer. This insures the one making the advances in tax defaults his due return either in ownership of the property or in cash with interest. The owner in default may redeem his property by paying the exaction within a limited time. Upon failure so to do his property passes from him forever. Where there is a good-faith effort to redeem, the law, while considerate of the act of him who bought the tax certificate, considers the return of the money and its hire sufficient compensation. The decisions of the courts generally favor the maintenance of the title in the original owner and the return to the certificate holder of his advances with penalties and interest. The reason for this policy manifests itself in cases like this, where the purchaser of the tax certificates seeks to secure for the sum of $670 property for which the appellants paid $5,000. The appellants cannot complain if by reason of lack of diligence the limitations fixed by law have become effective, but as early as *Mather v. Hutchinson*, 25 Wis. 27, this court said:

"The field was open to a race of diligence between the tax-title holder and the original owner, still that race must be a fair one."

The trial court in its fifth finding says: "There was no agreement on the part of defendant Waggoner to refrain from taking a tax deed on the 1928 certificates until the termination of a proposed suit to set aside the tax deed issued to Washburn county."

We are of the opinion that justice requires a retrial of this case as to the issues, to wit: Did Mr. Douglas represent the respondent in the negotiations between him and Mr. Gannon which occurred in January, 1932, and, if he did so represent respondent, was a situation created by his acts calling for the application of the doctrine of estoppel against permitting respondent to claim under the deed based on the 1928 certificate?

The trial of the issues suggested will result in a judicial investigation of the real controversy, enable the court to determine whether the appellants have a well founded complaint, and will make possible the entering of the judgment warranted by law. Sec. 251.09.

*By the Court.*—Judgment reversed, and cause remanded with directions to take further proceedings in accordance with the opinion.