John KENDRICK et al., Appellants,

v.

La Von CARTER et al., Appellees.

Court of Appeals of Kentucky.

Nov. 4, 1955.

V. R. Bentley, Pikeville, for appellants.

J. P. Hobson, Jr., T. L. Hibbitts, Pikeville, for appellees.

STEWART, Chief Justice.

Appellants, John Kendrick and Kelsie Kendrick, sought to recover from appellees, La Von Carter and Clarence Sadler, d/b/a "Carter and Sadler Wholesale", $1,000 as damages claimed to have been done to a leased building and $6,023.34 as rent purportedly arising out of breach of contract. A motion to try the damage question by jury was sustained and a verdict for $75 was returned on this issue. The alleged claim for rent was dismissed by the lower court after evidence was presented by depositions. Appellants complain only of the latter adjudication in this appeal.

The propriety of the lower court's judgment depends upon whether it correctly interpreted two written agreements. The first of these was a lease contract and reads:

"Pikeville, Ky.
April 9, 1951

"This is to certify that Lavonn Carter and Clarence Sadler are taking an option on a building at East Shelby, Ky., which was intended for a theatre building, and are making a down payment of $10.00 for the purpose of holding the building until we shall be able to occupy same.

"Mr. Carter & Mr. Sadler, will rent said building *by the month* (emphasis ours) for the purpose of operating a wholesale grocery.

"It is further agreed that the rent shall be $75.00 per month with the privilege of renting said building for ninety-nine years; also it is further agreed that we shall be able to buy said building for the sum of $6,500.00 at any time. Lot numbers 76, 76A, 77, 77A. These are the lots the building now stands on.

"Rent beginning the 15th day of April and the rent to be paid the 15th of each month.

"It is further agreed that we reserve the rights to make necessary building improvements suitable for our business.

"Signed, this the ninth day of April, 1951.
"(Signed)  La Von Carter
Clarence Sadler
John Kendrick
Kelsie Kendrick"

Pursuant to this instrument, appellees took possession of the building and paid rent therefor at the rate of $75 per month until July 31, 1951. On or about that date, by mutual, oral agreement the rent was increased to the sum of $110 per month. Thereafter the following written agreement was executed:

"This Agreement and Assignment, made and entered into this September 5, 1951, by and between John Kendrick, first party, and the First National Bank of Pikeville, second party, and Lavonne Carter and Clarence Sadler, doing business as Carter and Sadler Wholesale at Shelbiana, Kentucky, third parties,

"Witnesseth:

"That Whereas, the party (first) herein is indebted to the second party in the sum of Six Thousand Twenty-three & 34/100 Dollars ($6,023.34), as evidenced by various notes secured by mortgage on real estate and land situated in East Shelbiana, Pike County, Kentucky.

"Whereas, the first party has leased the aforesaid real estate and improvements thereon to the third parties,

"Now, Therefor, for and in consideration of the aforesaid indebtedness owed by the first party to the second party, the first party does hereby assign unto the second party the sum of One Hundred Dollars ($100.00) per month, to be rent due on the aforesaid premisis from the third parties, and the third parties are hereby authorized

and directed to pay to the First National Bank of Pikeville the sum of $100.00 per month to be credited upon the rent due the first party and said $100.00 per month shall be paid until all of the aforesaid indebtedness and all interest thereon has been paid in full. The balance of the rent due on this property shall be paid monthly, directly to the first party.

"The third parties join herein for the purpose of accepting and they do hereby accept and approve the aforesaid assignment of rent to the First National Bank of Pikeville.

"Signed the day and year first above written.

"(Signed)  John Kendrick
                First party
                The First National Bank
                of Pikeville
                By: John M. Yost,
                    VP & Cashier
                        Second party
                La Von Carter
                Clarence Sadler
                Doing business as Carter
                & Sadler Wholesale
                        Third parties"

After operating under the second agreement from September 5, 1951, to November 15, 1952, appellees moved out of appellants' building, and paid up their rent to that date.

It is appellants' claim that, by executing the two instruments above referred to, and particularly the second one, appellees promised and agreed to pay the sum of $6,023.34 as rent. We do not subscribe to this point of view.

█ Unquestionably the rental agreement dated April 9, 1951, was a month to month tenancy and appellees could abandon the premises at the end of any month. Berry v. Hale, 190 Ky. 510, 227 S.W. 793. Appellees were given the "privilege of renting the building for ninety-nine years," but this provision was nothing more than an option to renew the lease from month to month. An option of renewal contained in a lease does not affect its character as a lease for a fixed period. J. W. Reccius &

Bro. v. Columbia Finance & Trust Co., 120 Ky. 478, 86 S.W. 1113. We conclude the tenancy was from month to month and no contract was breached by appellees when they vacated the premises.

█ As to the second agreement, it will be noted after a careful reading of this writing that it is based upon an obligation owed solely by appellants to the First National Bank of Pikeville. Appellees did not assume the payment of any portion of this debt of appellants'; they merely agreed to make monthly payments of $100, as the rent fell due, to the bank to be applied on the debt. The second contract stems from and should be read in connection with the rental agreement. If the latter agreement was from month to month and was no longer binding on appellees after they abandoned the property, as is apparent on the face of this instrument, then the assignment became a nullity when the rental agreement ceased to exist.

Wherefore, the judgment is affirmed.