Fifth National Bank of San Antonio v. Iron City National Bank of Llano.

No. 744.   Decided February 9, 1899.

1. Estoppel—Acquiescence—Question of Fact.

Mere silence of a depositor in regard to misapplication of his funds by a bank will not estop him from recovering, in the absence of evidence that the bank was prejudiced thereby; but such evidence need not be direct where the circumstances afford a sufficient basis for inferring injury.  (Pp. 439, 440.)

2. Same.

Plaintiff, a bank, kept deposits with defendant bank.  By direction of plaintiff's cashier defendant applied plaintiff's deposit to payment of such cashier's personal debt to plaintiff, and, returning him the note so paid and collateral held to secure it, sent plaintiff, at the end of the month, a statement showing such application of its deposit; to this no objection was made until nearly a year later, when suit was brought for the money so misapplied.  The cashier was insolvent and had then become a fugitive.  Held, that under these circumstances defendant's plea of estoppel should be submitted to the jury; the court could not say as matter of law that there was no evidence that it had been injured by plaintiff's silence.  (Pp. 438, 440.)

3. Practice in Supreme Court.

Though the Court of Civil Appeals err in reversing a case because there is, as matter of law, no evidence to support a material issue, their finding that the evidence is insufficient upon that issue is upon a matter solely within their jurisdiction, and the Supreme Court must affirm their order remanding the case, though with direction to submit the issue to the jury.  (P. 440.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The Iron City National Bank of Llano sued the Fifth National Bank of San Antonio for a deposit the application of which to payment of a debt of plaintiff's cashier defendant had made, and asserted that plaintiff was estopped from questioning.  Judgment going for defendant, the plaintiff appealed and the Court of Civil Appeals reversed the judgment, holding that there was no evidence to support the claim of estoppel.  Appellee thereupon obtained writ of error, on the ground that the ruling practically settled the case.

*Shook & Vander Hoeven, Upson, Bergstrom & Newton,* and *Charles H. Bertrand,* for plaintiff in error.—The judgment of the Court of Civil Appeals is erroneous in this:  Said court erred in its conclusions of fact and findings, in that the undisputed testimony established that the defendant in error had knowledge that plaintiff in error had charged to its account said sum of $5018.65, and ratified the acts of its cashier in authorizing such charge, and the act of its bookkeeper and assistant cashier in entering the same on its books as a credit to the plaintiff in error.  Burton v. Burley, 13 Fed. Rep., 811; Armstrong v. Bank, 83 Fed. Rep., 556; Kissam v. Anderson, 145 U. S., 435; Bank v. Morgan, 117 U. S., 96.

The Court of Civil Appeals erred in its conclusions of fact, in finding that the bank stock of defendant in error, Iron City National Bank,

held by plaintiff in error as collateral security, was of no value on May 25, 1894, and immediately thereafter, as the undisputed testimony established that said stock, up to the end of said year, was worth par and above par.

The Court of Civil Appeals further erred in its conclusions of fact, in finding that W. O. Richardson was insolvent in May, 1894, and so continued up to the time of his resignation, in December, 1894, as an officer of said Iron City Bank.

Where, as is shown in the case at bar, appellant bank failed to repudiate the unauthorized action of its cashier in appropriating the funds of its bank to the discharge of his individual indebtedness with one of its corresponding banks, and failed to notify such corresponding bank for nearly two years thereafter, the presumption is that the appellee was injured thereby, and to avoid the effects of an estoppel, the burden was upon appellant to show that the appellee was not injured by reason of its failure to give such notice.

Where the cashier of a national bank is, by the custom and usage of said bank, invested with full control and management of its business, and who, in the usual course of business, directs a corresponding bank which holds his individual note to apply the moneys held by such corresponding bank to the discharge of his individual note, and such fact is reported by the corresponding bank to the bank whose money is so appropriated, in the usual course of business, and if the bank receiving the notice of such appropriation fails within a reasonable time to repudiate the acts of its cashier, it will be estopped from denying the authority of the cashier to so apply the money, and notice to the bookkeeper of the bank receiving such statement is notice to the bank itself, and the directors of the bank are chargeable with the duty of examining the statement of accounts of its corresponding bank for the purpose of ascertaining and passing upon the correctness of all charges, and a failure so to do is such negligence as will estop the bank from denying the correctness of any charge on such statement.

*Lauderdale & Linden,* for defendant in error.—The defendant having knowingly appropriated the $5018.65 of plaintiff's deposit with it to the payment to itself of an indebtedness owing to it by Richardson, and having charged that sum, on account of such payment, to plaintiff, and having knowledge of the want of power in Richardson to authorize such appropriation and charge, was liable to plaintiff for said $5018.65, and mere silence, inaction, and delay on the part of plaintiff, short of the period of the statute of limitations, limiting the time of plaintiff's right of action, in giving to defendant notice of its repudation of the acts of Richardson, and defendant in so appropriating said money and making such charge therefor against plaintiff, can not deprive plaintiff of its right of action to recover said money. Bank v. Jones, 18 Texas, 824; 2 Pom. Eq. Jur., secs. 816-821, and note to sec. 965; De Busche v. Alt, L. R., 8 Ch. Div. 286.

If, by the appropriation of the $5018.65 of plaintiff's deposit with it to pay to itself an indebtedness owing it by Richardson and the charge therefor against the plaintiff, without plaintiff's consent and without its knowledge, defendant invaded the right of plaintiff in such manner as to give plaintiff a cause of action against it, and if by long and passive silence on the part of plaintiff, after Richardson had without its knowledge so directed defendant to so appropriate and charge said money, and after defendant had without its knowledge so appropriated and charged it, any such presumption of acquiescence would be raised as might preclude plaintiff from maintaining such action, such presumption would not be conclusive, but would be only a rebutable inference of fact, and for the court to tell the jury that such silence and delay would preclude a recovery was an unwarranted comment on the weight of the evidence and reversible error.   Stooksbury v. Swan, 85 Texas, 573; 1 Am. and Eng. Enc. of Law, 570, note 2; Heyn v. O'Hagen, 60 Mich., 150; De Busche v. Alt, L. R., 8 Ch. Div., 286, cited in 2 Pom. Eq., 965, note.

It being indisputably shown by all the testimony, with no evidence tending to a contrary conclusion, that the defendant and Richardson acted together for their common interest, and directly opposed to the interest of plaintiff, in appropriating the $5018.65 of plaintiff's deposit with defendant to payment of Richardson's individual indebtedness to defendant, and in charging the same to plaintiff's account, and all said acts having been done and completed without notice thereof to plaintiff, and with notice to them of their want of authority to do so, the plaintiff was not therefore under any obligation or duty to inform defendant that it denied or repudiated Richardson's authority to cause such appropriation and charge to be made.   1 Pars. on Cont., 6 ed., marg. p. 51, note k; White v. Langdon, 30 Vt., 599; Hamlin v. Sears, 82 N. Y., 327.

There can be no equitable estoppel in pais unless, in case such estoppel be not allowed to prevail, the person asserting such estoppel will suffer some injury as the result of a line of conduct or omission on his part, which was induced by the conduct of the person against whom such estoppel is urged, and which would not have occurred but for the conduct of the person against whom the estoppel is asserted.   Thomas v. Groesbeck, 40 Texas, 536; Fielding v. Du Bose, 63 Texas, 636.

The long silence and delay of plaintiff in giving notice to defendant of its repudiation, even if it had actual knowledge of all the facts, could not, as a necessary conclusion of law, constitute a representation or concealment of facts upon which defendant could rely as an equitable estoppel in pais, nor as a conclusive evidence of acquiescence.   Whiteselle v. Loan Agency, 27 S. W. Rep., 315.

DENMAN, Associate Justice.—The Iron City National Bank of Llano began, early in April, 1894, doing business with the Fifth National Bank of San Antonio, and made with it large deposits against which it drew from time to time in the usual course of business between banks.

In May, 1894, W. O. Richardson, as cashier of the Llano bank, directed

the cashier of the San Antonio bank to charge the account of the Llano bank with the amount of two notes which Richardson owed the San Antonio bank. In accordance with this direction, the San Antonio bank charged the account of the Llano bank on May 25, 1894, with $5018.65, that being the balance due on said notes, and at the end of the month, as was shown to be customary with banks, sent the Llano bank a detailed statement of the account between them for the month, as it had done at the end of the previous month, showing amounts deposited in the San Antonio bank to the credit of the Llano bank and the various charges made by the former against the latter during such month, among which charges appeared said $5018.65 as having been made in payment of said notes. This statement showed a balance due the Llano bank, which it drew out a few days afterward.

May 21, 1896, the Llano bank brought this suit against the San Antonio bank to recover said $5018.65 on the ground that Richardson had no authority to direct the application thereof to the payment of his individual notes. The San Antonio bank pleaded that the Llano bank was estopped from denying such authority in its cashier, Richardson. From a verdict and judgment against it, the Llano bank appealed to the Court of Civil Appeals, which court reversed and remanded the cause on the grounds, (1) that the trial court erred in giving certain charges; (2) that there was no evidence sustaining the defense of estoppel; (3) that the judgment was not warranted by the evidence.

The San Antonio bank has brought the case to this court upon writ of error, upon the ground that said holding that there was no evidence sustaining the plea of estoppel practically settles its case, alleging that it will be unable to produce any other evidence on another trial. This presents the *question of law* as to whether there was *any evidence* in support of such plea. When the notes were settled as above indicated they were returned to Richardson by the San Antonio bank, together with collateral securing the same, consisting of thirty shares of the capital stock of the Llano bank, of $100 each, belonging to Richardson. The statement sent as aforesaid was found months afterwards in the vaults of the Llano bank, where such papers were usually kept by it, and it had thereon the "O. K." of its bookkeeper and certain figures by him showing the balance in the San Antonio bank which was drawn out as aforesaid. From these facts the jury might have found that the statement was received by the Llano bank a few days after it was sent. The rule of law is well settled that it became its duty to examine same within a reasonable time and notify the San Antonio bank if it questioned the authority of Richardson to have said notes charged to its account, as it appeared from the face of said statement had been done; and that its failure to do so will estop it from denying such authority if such failure has operated to the prejudice of the San Antonio bank. Weinstein v. Bank, 69 Texas, 38; Bank v. Morgan, 117 U. S., 96; Kissam v. Anderson, 145 U. S., 435; Burton v. Burley, 13 Fed. Rep., 811; Armstrong v. Bank, 83 Fed. Rep., 556. It is conceded that no notice was given until this suit was filed after Richard-

son had been indicted and became a fugitive from justice; but the point upon which the Court of Civil Appeals held the proof of estoppel fatally defective was that it did not *tend* to show that the San Antonio bank was in any way prejudiced by the failure to give notice. In this we think they erred. Had the notice been promptly given when the statement was received, the San Antonio bank might have been able (1) to show by Richardson, who continued for months thereafter to be such cashier, that he in fact had such authority, whereas it is now compelled after a lapse of two years to submit to the testimony of the other officers of the Llano bank (117 U. S., supra); (2) to have, by legal proceedings or moral suasion, in some measure protected itself against loss. It may be conceded, as contended by the Court of Civil Appeals, that Richardson owned no property, and yet it can not be said as a matter of law that by prompt and prudent action the San Antonio bank could not have obtained from him anything. Debts are often collected from persons who really owe more than the value of their property. In this instance a garnishment might have reached said returned collateral, or Richardson, through pride or for the purpose of preventing an exposure and probable prosecution and loss of his position as cashier, might and probably would have been able to have secured or repaid the money or part thereof. "It is not necessary that it should be made to appear, by evidence, that benefit would certainly have accrued to the bank from an attempt to secure payment from the criminal." * * * "As the right to seek and compel restoration and payment from the person * * * was in itself a valuable one, it is sufficient if it appears that the bank, by reason of the negligence * * * was prevented from promptly and, it may be, effectively exercising it." 117 U. S., supra.

As the cause must be tried again, we do not deem it proper to say more. The issue of the estoppel must be submitted to the jury.

We are of the opinion that the Court of Civil Appeals correctly held that the trial court erred in the charges given. We express no opinion as to the correctness of its said ruling that "the judgment is not warranted by the evidence," because it has the power to reverse on the ground that in its opinion the *evidence is not sufficient,* and this court has no power to review their action on such question of fact. It is only where that court goes further, as it did in this case, and holds that there is not *any evidence* for the jury that this court can review its ruling, and then only to the extent of determining the question of law whether there is *any evidence.* This we have done above, but do not do more. Therefore the judgment of the Court of Civil Appeals reversing and remanding the cause for insufficiency of the evidence will not be disturbed, and its opinion is approved as to the incorrectness of the charge but is disapproved in so far as it holds that there is no *evidence* upon the issue of estoppel.

*Judgment of Court of Civil Appeals affirmed, and cause remanded to be tried in accordance with this opinion.*