## BELSER v. HERMAN HALE LUMBER CO.
### No. 1296—5782.

Commission of Appeals of Texas, Section B.
July 22, 1931.

Fouts, Amerman, Patterson & Moore and Jos. W. Moore, all of Houston, for plaintiff in error.

King, Wood & Morrow and Evan W. Burris, all of Houston, for defendant in error.

RYAN, J.

The plaintiff in error sued the defendant in error to recover damages alleged to have been suffered by him, resulting from collision, at night, with the unlighted and unguarded truck of defendant in error, which had been placed in a dangerous position on the public highway, between the cities of Houston and Hempstead.

The case was tried on special issues submitted to a jury, upon whose findings judgment was rendered for plaintiff in error for $9,545.75. This judgment was reversed, and the cause remanded to the trial court for a new trial, by the Court of Civil Appeals. 30 S.W.(2d) 409, 410.

An issue of fact in the case was whether or not the plaintiff, at the time of the collision, was in the act of passing an approaching motor vehicle at a rate of speed in excess of fifteen miles an hour, in violation of article 794 of the Penal Code, and if that was a proximate cause of the collision, which was pleaded as a defense, and the issue was submitted as follows:

"Special Issue No. 11—Was the Hudson car which was being driven by L. M. Belser at the time and immediately preceding the collision with the truck, passing another motor vehicle then and there on the public highway coming in an opposite direction?"
—which the jury answered in the negative.

This was followed by special issues Nos. 12 and 13, as follows:

"Special Issue No. 12—If you have answered the preceding issue in the affirmative, and only in that event, then answer:

"Was the plaintiff, L. M. Belser, at the time he was passing another motor vehicle, operating his automobile at a speed in excess of fifteen miles per hour?"

"Special Issue No. 13—If you have answered the preceding issue in the affirmative, and only in that event, then answer:

"Was such speed a proximate cause of plaintiff's injuries, if any?"
—which were not answered by the jury.

No objection was made to the submission of said issues, but in the motion for new trial complaint is made that: (a) The jury's negative answer to special issue No. 11 should be set aside, because there was no evidence to support such answer; and (b) that said answer is contrary to the great weight and preponderance of the evidence.

A majority of the Court of Civil Appeals concluded that the undisputed evidence showed plaintiff, Belser, was, at the time of the collision which resulted in his injury, driving his car at night along the highway at a speed of from 25 to 28 miles per hour; that at that time he was passing another car going in an opposite direction, and failed to reduce this speed to 15 miles per hour, and were therefore of the opinion that the trial court erred in not holding that Belser was guilty of negligence, as a matter of law, and in not so instructing the jury, and in not requiring the jury to find whether or not such

negligence was a proximate cause of the collision, which, concurring with the negligence of appellant, resulted in the injury to appellee of which he complains.

The majority of that court concluded: "In the absence of a finding of the jury that the speed at which appellee drove his car along the highway under the attending circumstances, though in excess of the speed limit of 15 miles per hour when passing other motor vehicles, as fixed by law, was a proximate cause contributing to the collision, we are not prepared to hold that the court erred in not instructing a verdict in appellant's favor. * * * The failure of the court to instruct the jury that appellee was guilty of negligence in the particulars above mentioned and his submitting the question to the jury for their determination and to follow such submission with an instruction that, should they answer that appellee was not guilty in such particulars they need not answer the inquiry as to whether such negligence was a proximate cause of the collision, etc., in our opinion constitutes reversible error."

The other member of that court, while concurring in the remand of the case, disagreed with the reasons given by the majority. He was of the opinion that the undisputed evidence did not show that Belser was at the time of the collision engaged in passing another automobile going in the opposite direction, and, if it did not, the violation of Penal Code, art. 794, was not shown as a matter of law; therefore, an issue of fact was raised as to whether Belser was actually engaged in passing another car at the time of the collision, within the meaning of article 794, and consequently the trial court would not have been at liberty to peremptorily charge the jury to the contrary. But while so holding, he thought that the jury's finding under special issue No. 11 was against the weight of the evidence to the extent that it should not be permitted to stand, and this protest should have been sustained, rather than the one that was upheld.

We are asked by plaintiff in error to reverse the judgment of the Court of Civil Appeals and affirm that of the district court on the ground that there was evidence to support the submission of special issue No. 11 to the jury, and the jury's finding thereon, and the Court of Civil Appeals erred in holding, in effect, that there was no such evidence.

As said by Judge Denman in Fifth National Bank v. Iron City National Bank, 92 Tex. 436, 49 S. W. 368, the Court of Civil Appeals has the power to reverse on the ground that in its opinion the evidence is not sufficient, and the Supreme Court has no power to review such action on such question of fact; it is only where that court goes further and holds that there is not any evidence that the Supreme Court can review that ruling, and then only to the extent of determining the question of law whether there is any evidence.

We have reached the conclusion that the Court of Civil Appeals erred in concluding, as a matter of law, that the undisputed evidence showed that Belser was driving the car at a rate of speed in excess of 15 miles per hour while passing another motor vehicle; we think there was sufficient evidence raising that issue to go to the jury.

Whether the jury's finding on the subject is against the weight of the evidence to the extent that such finding should not be permitted to stand involves a question of fact, determinable by the Court of Civil Appeals, which is binding on the Supreme Court. Wilson v. Freeman, 108 Tex. 121, 185 S. W. 993, Ann. Cas. 1918D, 1203; 3 Tex. Jur. p. 1192. Where the Court of Civil Appeals concludes that the jury's finding is against the weight of the evidence, it can only remand. Eastham v. Hunter, 98 Tex. 560, 86 S. W. 323; Electric Express Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030.

As said by Judge Greenwood in Marshburn v. Stewart, 113 Tex. 507, 254 S. W. 942, 260 S. W. 565, 566:

"There is a difference in the authority of the Supreme Court in causes wherein the Court of Civil Appeals enters a final judgment by affirming that of the trial court or by rendering a different judgment, and in causes wherein the judgment of the trial court is reversed and the case remanded for a new trial. The distinction was stated with clearness and precision in Tweed v. Western Union Telegraph Co., 107 Tex. 255, 166 S. W. 696, 177 S. W. 957, as follows: 'With the Court of Civil Appeals invested with the full power of determining the facts of the cause, and setting aside the verdict of a jury on the facts, it must be assumed, * * * that in reaching a conclusion that the evidence showed as a matter of law that the plaintiff was not entitled to recover, and for that reason ordering that the cause be remanded, in the same case it would have held that the verdict was against the weight of the evidence. With a case thus remanded under the judgment of the Court of Civil Appeals, it would amount to a denial of its authority to determine the facts and set aside a verdict on the evidence for this court to assume the power of rendering the judgment because it differed with the conclusion reached by that court upon the effect of the evidence.

" 'Beck v. Texas Company, 105 Tex. 303, 148 S. W. 295, furnishes no analogy. The distinction between that case and this one is manifest. There the court did not exercise the authority it possessed to set aside the verdict on the facts and remand the cause. It rendered judgment in favor of the defendant on the facts; and in doing so

made no finding of fact which would defeat recovery. In differing with the Court of Civil Appeals upon the question of law as to the effect of the evidence, we were authorized to affirm the judgment of the lower court, since the Court of Civil Appeals had not sought to exercise its province of determining the facts and ordering the case remanded for another trial because of its difference with the jury on the facts, and in affirming the judgment we therefore in no wise trenched upon its authority. Had the Court of Civil Appeals there remanded the case instead of rendering judgment, we would have been compelled to respect its judgment to that extent and could not have affirmed the trial court judgment.'"

We therefore have no authority to render judgment here for plaintiff in error or to affirm the judgment of the district court. Maddox Motor Co. v. Ford Motor Co. (Tex. Com. App.) 23 S.W.(2d) 333.

The Court of Civil Appeals having remanded the cause, its judgment to that extent must be respected.

We therefore recommend that the judgment of the Court of Civil Appeals, which reversed the judgment below and remanded the cause for a new trial, be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals reversing the judgment of the district court is affirmed, as recommended by the Commission of Appeals.