**HEUSINGER HARDWARE COMPANY,**
Appellant,

v.

**FIRST NATIONAL BANK OF SAN ANTONIO,** Appellee.

No. 3728.

Court of Civil Appeals of Texas.

Eastland.

March 8, 1963.

Rehearing Denied May 10, 1963.

Bradford F. Miller, San Antonio, for appellant.

Carl Wright Johnson and Alfred W. Offer, San Antonio, for appellee.

WALTER, Justice.

Heusinger Hardware Company filed suit against First National Bank of San Antonio for breach of contract. Heusinger alleged that the Bank cashed checks payable to it amounting to $6,627.50, with unauthorized endorsements thereon. Heusinger's motion for a summary judgment was denied. The court sustained the Bank's special exceptions to plaintiff's pleadings. Heusinger declined to amend and the court dismissed its case.

Heusinger has appealed from such order and contends the court erred in refusing to grant its motion for a summary judgment and in sustaining such exceptions.

We must assume, in passing on the sufficiency of the exceptions, that the allegations of fact are true. State v. Clark, 161 Tex. 10, 336 S.W.2d 612, (Supreme Court.) Rule 45, Texas Rules of Civil Procedure provides: "That an allegation be evidentiary or be of legal conclusion.

shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole."

In its original petition Heusinger sought recovery on thirty-six checks cashed by appellee Bank signed by its customers on banks other than the appellee. Twenty-three of the checks had been cashed by appellee Bank more than two years prior to the time suit was filed.

A summary of Heusinger's allegations in its original petition is as follows: It had been a depositor with the Bank for many years. Its arrangement with the Bank was evidenced by a written contract. On or about January 22, 1951, the Bank required it to furnish a resolution designating the officers who were authorized to sign, endorse and cash checks on its behalf. "A duly authenticated copy of said resolution was delivered to the Bank and accepted by the Bank as evidencing the terms of the depository contract between plaintiff and defendant * * *." A portion of said resolution is as follows:

"RESOLUTION AUTHORIZING SIGNING OF CHECKS ETC.

"TO FIRST NATIONAL BANK OF SAN ANTONIO, SAN ANTONIO, TEXAS

"I, the undersigned, do hereby certify, that the following is a complete, true and correct copy of certain resolutions of the Board of Directors of Heusinger Hardware Company a corporation duly organized and existing under the laws of the State of Texas which resolutions were duly adopted at a duly called meeting of the said Board, held on January 22, 1951, a quorum being present, and are set forth in the minutes of the said meeting; that I am the keeper of the corporate seal and of the minutes and records of this Corporation; and that the said resolutions have not been rescinded or modified.

"'RESOLVED: That the FIRST NATIONAL BANK OF San Antonio be and it is hereby designated as a depositary for the funds of this corporation; that said funds shall be withdrawn from said depositary on the checks of this corporation, signed by any of the following officers of this corporation; that all of them are authorized to endorse and cash checks and drafts for and on behalf of this corporation, except as may be otherwise stated herein.

"'(Please type below the names of the Authorized Signatory Officers and their Titles.)

"Edward W. Heusinger          President and Treasurer

"E. F. G. Heusinger           Vice-President

"Stephen A. O'Brien           Secretary.'"

———◆———

At the request of the Bank, it also furnished specimen signatures of the officers named in the resolution who were the only persons authorized to sign, endorse and cash checks in its behalf. Under the depository contract the Bank was obligated to recognize and honor only the designated persons set out in the resolution in cashing checks payable to it.

The Bank accepted and cashed the thirty-six checks payable to it "without any endorsement thereon by any of the officers of plaintiff duly authorized to endorse and cash checks on behalf of plaintiff. That none of said checks bore the endorsement of plaintiff in any manner or by any person whatsoever. That no endorsement appears on any of said checks and there is no

indication thereon as to the identity of the person or persons to whom defendant paid the proceeds of said checks." None of the cash paid out by the Bank on such checks was received by Heusinger and none of its authorized officers presented the checks to the Bank. Appellee Bank collected from the drawee banks the full amount of said checks. "That the defendant holds said funds in trust for plaintiff, because said funds are the property of plaintiff, as is well known to defendant, and defendant should be required to pay over and deliver said funds to plaintiff, or credit same to plaintiff's account and enter them as a liability of defendant on plaintiff's ledger account."

After the court sustained the Bank's exception to twenty-three of said checks on the ground that they show as a matter of law to be barred by Article 5526, Vernon's Ann.Tex.Civ.St. the two year statute of limitation, Heusinger filed its first amended petition and sought recovery on those checks which had been cashed by the Bank within two years prior to the time suit was filed. The allegations in the amended petition are substantially the same as those in the original petition except that in the amended petition it sought recovery on only thirteen checks and pleaded that the Bank acted in bad faith in cashing the checks.

■ Heusinger contends it had a written contract with the Bank and that Article 5527, V.A.T.C.S., the four year statute of limitation, is applicable. Heusinger also contends the four year statute of limitation as set in motion by Article 342–707 of the Banking Code of 1943 is applicable. Article 5527 provides, in part, "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing" shall be commenced within four years after the cause of action shall have accrued. When a contract of two parties is reduced to writing and signed by one party and accepted by the other it is sufficient to impose upon it the character of a written contract. Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076, (Supreme Court.)

■ We have concluded that Heusinger has pleaded a cause of action against the Bank for an indebtedness founded on a written contract. The resolution which was executed at the request of the Bank provided that Edward W. Heusinger, President and Treasurer, E. F. G. Heusinger, Vice-President and Stephen A. O'-Brien, Secretary, were authorized to endorse and cash checks for Heusinger "except as may be otherwise stated herein." No exception is stated. This provision excluded all persons except the three named and was indirect notice that a fourth individual could not endorse and cash its checks.

■ The appellee was not the drawee bank on any of the checks. A collecting bank which accepts a check on another bank on a forged or unauthorized endorsement acquires no title thereto and holds the proceeds when collected from the drawee bank for the rightful owner. Fidelity & Deposit Company of Maryland v. Fort Worth National Bank, 65 S.W.2d 276, (Tex. Commission of Appeals.)

Appellant's point that the court erred in overruling its motion for a summary judgment cannot be sustained. In its motion Heusinger says "The following facts are plead, are established by depositions or admissions and are undisputed." In its motion we find allegations such as "an official of defendant bank testified * * *" and "the defendant's teller Mrs. Carr admitted * * *", "the witness D. E. Scholl testified by deposition * * *", "the executive vice-president of defendant bank, G. T. Smothers, testified * * *." We are unable to find in the motion a definite clear allegation setting forth the evidence which is relied upon in support of the motion. The order overruling the motion does not state what evidence or whose depositions were considered in passing on the motion, however, we are assuming in passing on this point that the court considered all the

evidence which was on file at the time the motion was heard.

In its motion for summary judgment, it was Heusinger's theory that its bookkeeper, James F. Jolly, cashed the checks without authority from the company and without delivering the proceeds of said checks to Heusinger. We find attached to Heusinger's request for admissions an exhibit which is a resolution of Heusinger's board of directors, the material portions of this exhibit are copied above in this opinion. The Bank admitted that the exhibit was a true copy of the Instrument which had been furnished the Bank on or about January 22, 1951; that the Bank had such resolution in its possession, and that the exhibit contained the only resolution furnished the Bank by Heusinger and that by the terms of the resolution the bookkeeper, James F. Jolly, was not authorized to endorse and cash checks for Heusinger. There were fifty-seven requests for admissions and the Bank's reply to those requests not admitted were denied or its reply amounted to no answer.

Stephen A. O'Brien, Secretary-Treasurer of Heusinger, testified by deposition and was asked the following: "In other words, it is possible that Jolly could have gone to the bank and taken a check, any one of these checks on which suit has been brought, and cashed it, and brought the money back, and put it in the cash box, and left it there for a day or two, and then taken the money out? That is possible, isn't it, as far as anyone knows, except Jolly?" and he answered "Yes, sir." There was other evidence in O'Brien's deposition which would make a fact issue on the question of whether or not Heusinger received the proceeds of these checks.

■ In its reply brief Heusinger says "In any case the Plaintiff is not required to show that it did not receive the proceeds of these checks, although the evidence does conclusively show this fact. *The burden is on the Defendant bank to show, if it can, that Plaintiff received the*

*proceeds.*" In support of this statement Heusinger cites the case of Pierce Petroleum Corporation v. Guaranty Bond State Bank, Tex.Civ.App., 22 S.W.2d 520, (no writ history.) In the case of Fidelity & Deposit Company of Maryland v. Fort Worth National Bank, 65 S.W.2d 276, (Tex. Commission of Appeals), we find that the Commission of Appeals overruled Pierce Petroleum Corporation v. Guaranty Bond State Bank. Also, we think the cases can be distinguished on the facts. Heusinger pleaded "that none of the cash paid out by defendant on said checks was ever received by plaintiff." If Heusinger's bookkeeper cashed these checks at the bank and returned the proceeds of the checks to Heusinger, Heusinger would have suffered no loss even though the bookkeeper was not authorized to endorse and cash its checks. If he did endorse and cash them and returned the proceeds thereof to its cash box or otherwise, it would not be entitled to a summary judgment against the Bank. Regardless of which party had the burden of proving this material issue, we have concluded that the evidence reveals a contested issue of fact. Heusinger attempted to establish other elements of its case on the hearing for a summary judgment by its officers Heusinger and O'Brien. They were interested witnesses. The testimony of these interested witnesses would no more than raise a fact issue to be determined by the jury. James T. Taylor and Son, Inc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371, (Supreme Court). It is the duty of the court hearing a motion for summary judgment to determine if there are issues of fact to be tried and not to weigh the evidence and determine its credibility. Any doubt existing concerning the propriety of such motion must be resolved against the moving party. Gulbenkian v. Penn, 151 Tex. 412, 252 S. W.2d 929, (Supreme Court.)

We have held that the court erred in sustaining the Bank's exceptions to Heusinger's pleadings. The judgment is therefore reversed and the cause is remanded.