**W. B. FULTZ, Petitioner,**

**v.**

**FIRST NATIONAL BANK IN GRAHAM, Texas, Respondent.**

**No. A–10348.**

Supreme Court of Texas.

Feb. 24, 1965.

Rehearing Denied March 24, 1965.

Jennings, Montgomery & Dies, Graham, for petitioner.

Cantey, Hanger, Gooch, Cravens & Scarborough, Edward Kemble, Fort Worth, for respondent.

STEAKLEY, Justice.

This suit was brought by W. B. Fultz, Petitioner here, against the First National Bank in Graham, Respondent, to recover the sum of $13,060.00 representing "less cash" sums, in amounts ranging between $50.00 and $300.00, paid by the bank to Mrs. Fern McCoy, an employee of Fultz, in "for deposit only" transactions to the account of Fultz over a period of time between February, 1960, and April, 1963. The sums so paid to Mrs. McCoy were misappropriated to her personal use. Mrs. McCoy had not signed a signature card at the bank and was not authorized by Fultz either to check on his account or to withhold cash amounts from the deposits made for him. The full endorsement which was stamped on each of the checks read: "Pay to the order of the First National Bank, Graham, Texas—For deposit only—W. B. Fultz."

Both parties moved for summary judgment and the trial court granted the motion of Fultz. The Court of Civil Appeals held that the alleged negligence on the part of Fultz in not examining his bank statements and other records and discovering the defalcations so as to notify the

bank would, if found to be true, constitute a defense to his suit against the bank. Consequently, that Court held that in these respects there were issues of fact to be determined by the trier of facts and the summary judgment for Fultz was improper. The Court of Civil Appeals was also of the view that an issue of fact existed as to whether Wilford Fultz, the son of Fultz, who was either a partner or joint owner, received all or part of the "less cash" withdrawals. 380 S.W.2d 894. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

■ The key to the first problem is the undisputed fact that the bank violated the written instructions of Fultz, and hence breached its deposit contract with him in each deposit transaction. In the exercise of care by Fultz, all of the checks which were deposited were endorsed "For Deposit Only." This was an unqualified direction to the bank to place the full amount of the checks to the account of Fultz. This instruction was violated when part of the amount of the checks was paid to Mrs. McCoy in cash. The bank had knowledge of its acts in violation of the instruction. Fultz as the depositor had the right to rely on the bank to honor the "For Deposit Only" instructions he had established as the regular deposit routine for his employee and the bank to follow; he was under no duty to exercise further care to ascertain if the bank had followed his instructions, and it is not asserted that Fultz had actual knowledge that the bank had not done so. The instruction carried in the restricted endorsement, "For Deposit Only," if followed, afforded absolute protection to both the bank and the depositor in the check deposit transactions and would have rendered the misappropriations impossible. The bank was in no way misled. Fultz had not filed a signature card for his defalcating employee and had not authorized his employee to sign checks on his account or make cash withdrawals in connection with deposits to his account. The "For Deposit Only" endorsements in the

latter transactions were positively to the contrary.

■ The decisions which consider the question of the liability of a bank for the payment of forged checks recognize the principle stated by the Supreme Court of the United States in Leather Manufacturers' National Bank v. Morgan, 117 U. S. 96, 6 S.Ct. 657, 29 L.Ed. 811 (1885), and quoted with approval in Southwest National Bank of Dallas v. Underwood, 120 Tex. 83, 36 S.W.2d 141 (1931), that "If the bank's officers, before paying forged or altered checks, could by proper care and skill have detected the forgeries, then it cannot receive a credit for the amount of these checks, even if the depositor omitted all examination of his account."

So it is here. The Respondent bank had only to exercise proper care by following the specific instructions of Fultz, the depositor; the doing of this required no skill. Its course of action in failing to do so resulted in liability to Fultz "even if" he "omitted all examination of his account." This distinguishes the decisions in the cases which are premised upon a duty of the depositor to examine his statements from the bank, which examination would have revealed the defalcations, e. g., Southwest National Bank of Dallas, supra; Fifth National Bank of San Antonio v. Iron City National Bank of Llano, 92 Tex. 436, 49 S.W. 368 (1899); Weinstein v. National Bank of Jefferson, 69 Tex. 38, 6 S.W. 171 (1887); and Atlas Metal Works v. Republic National Bank, 176 S.W.2d 350 (Tex.Civ.App.1943, wr. ref. w. o. m.). Cf. Rudisill Soil Pipe Co. v. First National Bank of Anniston, 224 Ala. 436, 140 So. 569 (1932).

■ Another rule of general acceptance, quoted with approval by this Court in Liberty State Bank v. Guardian Savings & Loan Assn., 127 Tex. 311, 94 S.W.2d 133 (1936), is that "[T]he duty imposed upon the depositor to examine his pass book and vouchers does not extend to an ex-

amination of the signatures of the payees on the returned vouchers." This rule is bottomed upon the premise that "it is the duty of the bank to determine the genuineness of a payee's indorsement, and the depositor is not expected to know his signature." By analogy, it was the clear and simple duty of the bank in the case here to honor the "For Deposit Only" endorsement, and Fultz was not expected to know that the bank had not done so, or to anticipate that the bank might not do so, or to take measures to determine if the bank had done so.

■ Further, as recognized in Liberty State Bank, since Fultz owed no duty to the bank to examine his bank statements and other records, he was, for that reason, not guilty of negligence in not doing so, and in not discovering the defalcations of his employee. For the same reason he is not estopped to assert the liability of the bank. There existed no genuine issue of fact between the parties in such respects.

■ A further reason for the reversal by the Court of Civil Appeals of the summary judgment in favor of Fultz was the holding that an issue of fact was shown to exist as to whether Wilford Fultz, Petitioner's son and either his partner or a joint owner, received all or a part of the "less cash" payments, citing Heusinger Hardware Co. v. First National Bank, 367 S.W.2d 710 (Tex.Civ.App.1963, writ ref. n. r. e.). It is our view that the bank had the burden of proof on this issue. In addition to the respective motions of the parties, the summary judgment record consists of the depositions of various witnesses, including those of Mrs. McCoy, Wilford Fultz, and two of the bank tellers. Mrs. McCoy and Wilford testified in their depositions that Wilford did not receive any of the funds. Wilford also testified

that he did not know anything about the conduct of Mrs. McCoy. Mrs. McCoy stated, however, that when an Internal Revenue agent first discovered her defalcations while auditing the income tax returns of Fultz, she said to him, and probably to an auditor employed by Fultz, that Wilford "got some of this money [she] was taking." The two bank tellers testified that on one or more occasions when Mrs. McCoy was paid funds in the "less cash" transactions she volunteered information to the effect that Wilford needed some money to go out of town. Mrs. McCoy sought to explain this testimony by saying in her deposition: "* * * we would have a discussion about Wilford, whether he was going on a trip or something, and they gathered from that that I was getting it for him, but I did not state I was getting it for him." The bank made no further showing with respect to the receipt of the funds by Wilford.

It is the well-settled rule in this State, and elsewhere, that prior inconsistent statements are usable only for impeachment purposes and are not substantive evidence of the facts stated. Bradley v. Texas & P. Ry. Co., 1 S.W.2d 861 (Tex.Com.App. 1928); Anderson v. Houston Motor Car Co., 131 S.W. 419 (Tex.Civ.App.1910, no writ); Woodward-Wanger Co. v. Nelson, 11 S.W.2d 371 (Tex.Civ.App.1928, no writ); see Comment Note, 133 A.L.R. 1454. Therefore, the showing of the prior inconsistent statements by Mrs. McCoy did not discharge the defensive burden of the bank since these statements are not substantive evidence that Wilford did, in fact, receive the funds.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

POPE, J., not sitting.