**HILLCREST STATE BANK OF UNI-VERSITY PARK, Appellant,**

v.

**EVIS–SOUTHWEST, INC., Appellee.**

No. 16724.

Court of Civil Appeals of Texas.

Fort Worth.

April 1, 1966.

Rehearing Denied May 6, 1966.

---

1. Referring to the appeal of cause No. B–22,984, our No. 173.

Fanning, Billings, Harper, Pierce & Gilley, and William F. Billings, Dallas, for appellant.

Andress, Woodgate, Richards & Condos, and Wm. Andress, Jr., Dallas, for appellee.

MASSEY, Chief Justice.

Defendant below, Hillcrest State Bank of University Park, paid forty checks with forged signatures aggregating $9,472.81 for which its depositor, plaintiff Evis-Southwest, Inc., sued. Plaintiff further sought interest upon each check from the date of payment on the various dates applicable, between July 22, 1959, and June 24, 1960. On July 22, 1960, plaintiff delivered formal notification of its claim under Vernon's Ann.Tex.Civ.St., Title 16, "Banks and Banking, Ch. 7, "Definitions, Collections, Depository Contracts", Art. 342–711, "Forged, Unauthorized, Raised and Altered Items," of the forged checks and wrongful charges against its account, and made claim to said items charged to its account as having occurred within the period of one (1) year from the time the bank paid same.

Suit was filed on January 5, 1961, and trial on the merits was held before the court, without intervention of a jury. Judgment was rendered on June 11, 1965. Plaintiff was awarded judgment against the bank in the sum of $1,637.07, plus interest from June 24, 1960. In general the occasion for the amount of the judgment was not because the forged checks did not amount to $9,472.81 (indeed that said amount was a proper figure was stipulated for purposes of trial) but because the plaintiff had received the benefit of most of the proceeds obtained through the forgeries. Both parties appealed.

Affirmed.

By the bank's first point of error it is contended that plaintiff should not have been awarded any judgment because it failed to examine the monthly bank statements and cancelled checks within a reasonable time and to report the forgeries promptly to the bank. The point of error is overruled. By the statute a depositor is given the period of one year, as a sort of statute of limitation. For that period, at least, a depositor is under no duty to examine the statements and cancelled checks and would not be negligent in failing to discover the forgeries. There is no doubt but that the trial court was entitled to conclude from the evidence in the case that the bank's officers, before paying the forged checks, could by proper care and skill have detected the forgeries. Necessarily, it is to be implied that the trial court so found. Therefore the bank was not entitled to found its defense on plaintiff's negligence in this respect even though the plaintiff omitted all examination of its account. Fultz v. First National Bank in Graham, 388 S.W.2d 405 (Tex.Sup., 1965).

By the bank's second point, presented as an alternative, it claims that the trial court erred in granting judgment for an amount which necessarily included non-damaging checks. The bank contends that the total of the checks forged, the proceeds from which plaintiff received no benefit, amounted to only $448.33. The bank claims that the judgment should have been in said amount.

Concededly there were two checks, totalling $600.00, which were forged, but were involved in transfers from the plaintiff's account to Petro-Fluid Corporation. The bank says that they were "intercompany transfers" and that there was no evidence whatsoever that the amount was used by or for the benefit of the forger, nor that Petro-Fluid Corporation did not have the

full benefit of such checks. For purposes of the opinion we will agree with the bank's contention about the state of the evidence. The trouble is: the burden of proof, i. e., the obligation to introduce evidence if credit should properly be given upon the amount of the liability owing by the bank, lay upon the bank and not the plaintiff in the case. Absence of such evidence does not benefit the bank. To the contrary, the absence of the evidence left the trial court free to convict the bank of liability for the $600.00. Incidentally, the record is in such condition that we cannot be certain that the trial court necessarily did this.

■ The bank says that $2,410.00 in checks were transfers to the plaintiff's "payroll account". This was established in the evidence and that said account belonged to plaintiff as well as its "general account" on which the forged items were made the part of the proof. Were it not for the fact that there was evidence that the forger was authorized to sign checks on the "payroll account" and that it was an account on which it was not necessary for him to forge checks once he effected a transfer of funds into it out of the "general account", plus testimony to the effect that the forger "had taken" $5,004.00 he was not entitled to take out of the "payroll account", it is to be observed that the plaintiff's prima facie case was made out as to the $2,410.00. The burden of going forward with the evidence to show that plaintiff did indeed receive the benefit of the $2,410.00, if not the burden of proof in discharge of its claim of set-off, thus devolved upon the bank. It introduced no evidence in discharge of such obligation, thus leaving the trial court at liberty, as the fact finder in the case, to convict the bank of liability for the $2,410.00. Incidentally, the record is in such condition that we cannot be certain that the court necessarily did thus convict the bank, at least in the total amount.

■ In respect to the other checks, totalling a minor amount, the same rules of law left the trial court free to convict the bank of liability for the total amount for which the trial court rendered judgment. Essentially, the bank was obligated to introduce evidence in discharge of its burden of proof, or, the bank had the burden of going forward with the evidence shifted to it by the proof adduced by the plaintiff, but declined to do either. The condition of the evidence left the trial court free to calculate the amount of the bank's liability by including the amounts of the checks about which there was dispute, or such portions thereof as the court deemed proper to award plaintiff.

■ The plaintiff has a cross-point of error. It reads: "The parties having stipulated that forty checks aggregating $9,472.81 were forged on appellee's account paid by the Bank and charged to that account, appellee is entitled to recover that amount with interest on each item from date of payment."

Of the forty checks the bank objected to admission of certain of them. Evidence in the record presented a basis for the court to disallow some or all of them as part of the plaintiff's recovery. Some of the checks do not appear in the statement of facts. As to some which do appear there was evidence that the plaintiff received the benefit thereof for they were applied to settle its valid obligations to persons, firms and corporations with which it did business, and to the United States.

In the state of the record presented to us it is impossible to determine the state of the account (as between the plaintiff and the forger) since no findings of fact were filed by the trial court and the nature of the judgment rendered does not reveal which checks (or portions thereof) were credited to the total of all forged checks as a set-off in favor of the bank. Plaintiff would not be entitled to judgment against the bank for the total of all forged checks free and clear and in disregard of credits proper to be applied because of those checks (or portions thereof), the proceeds from which inured to its benefit in the retirement

of its just obligations. As to those the bank would be entitled to credit if it were sought. As we construe the bank's pleadings such was sought. If not it was certainly a matter cast in issue without objection by the parties before the court, the bank's case having been tried upon that defensive theory.

Plaintiff may not be heard to complain because the trial court refused to allow interest on the amount it recovered dating from the payment of the individual forged items, as and when they were made on the many dates within the one year's period antedating the notification by plaintiff on July 22, 1960. Plaintiff's damages were resolved into an unliquidated demand under the evidence introduced and issues tried in the court below. The bank has made no complaint because the interest was allowed on the principal amount of damages awarded beginning at a time earlier than the date of judgment.

All points of error are overruled and judgment is affirmed.